# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:01CR00063 |
| v. | **OPINION** |
| **DERRICK LAMAR HERNDON**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*John L. Brownlee, United States Attorney, and Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for United States; Dana M. Slater, Tucker Griffin Barnes, PC, Charlottesville, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C.A. § 3582(c)(2) (West 2000) by virtue of the lowering of the crack cocaine guidelines.[1] The defendant was sentenced by this court on July 17, 2002, to 121 months imprisonment following his conviction

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the U.S. Sentencing Commission's policy on retroactivity of the amended crack cocaine guidelines. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

for conspiring to distribute or possess with the intent to distribute fifty grams or more of crack cocaine.

I will overrule the government's objections.

The government's objections may be divided into four groups. First, the government emphasizes the conduct underlying the offense, including the amount of crack cocaine for which the defendant was responsible, the defendant's role in the offense, and the fact that the defendant possessed a firearm during the life of the crack cocaine conspiracy. Second, the government points to the defendant's criminal history. Third, the government contends that the defendant's behavior while incarcerated militates against a reduction. Finally, the government argues that the defendant is not entitled to a sentence below the statutory mandatory minimum of ten years imprisonment. I will address each concern in turn.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible, whether the defendant possessed a firearm during the offense, and the defendant's role in the offense. In this case, the defendant was held responsible for 460 grams of crack cocaine. Under the amended guidelines, that amount of crack cocaine corresponds with a base offense level of 32. The defendant received a two-level enhancement for possessing a firearm. However,

the Presentence Investigation Report ("PSR") did not recommend an enhancement for the defendant's role in the offense, and this court adopted the factual findings and guideline application in the PSR.

With regard to the defendant's criminal history, the guidelines also provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category I and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

The government's third argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release him into the community. In the almost seven years that the defendant has been incarcerated, he has been sanctioned for one only incident of institutional misconduct—and that being a non-violent offense. I do not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of his sentence.

Finally, the government argues that based on the quantity of crack cocaine attributed to the defendant, he is subject to a statutory mandatory minimum imprisonment of ten years and his sentence may not be reduced below 120 months.[2] In support of this argument, the government cites *United States v. Pardue*, 36 F.3d 429, 430-31 (5th Cir. 1994). In *Pardue*, the defendant was seeking a reduction in his 120-month sentence for possession with intent to distribute LSD based on a retroactive amendment to the sentencing guidelines which altered the method of calculation of the quantity of LSD for sentencing purposes. *Id.* at 430. The Fifth Circuit held that the defendant was not entitled to a reduction in his sentence because the new method of calculation under the sentencing guidelines did not affect the calculation of quantity for the purposes of application of the mandatory minimum. The result being that, for purposes of the mandatory minimum set forth in § 841(b), the amount of LSD for which the defendant was held responsible was unchanged and the defendant remained subject to the § 841(b) ten-year mandatory minimum. *Id.* at 431.

The government misapprehends the basis for lowering the defendant's sentence below 120 months. At the original sentencing, it was determined that the defendant's

---

[2] Pursuant to 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1999 & Supp. 2007), conviction of an offense involving more than 50 grams of crack cocaine requires a sentence of at least ten years imprisonment.

Total Offense Level of 33, with a Criminal History Category of I, gave him a guideline range of 135 to 168 months. He was sentenced to 121 months imprisonment pursuant to USSG § 5G1.3(b)(1), in order to credit him with the fourteen months that he had already served pursuant to a state conviction for conduct included in his federal charge.[3] The present reduction in the defendant's sentence merely continues to credit the defendant with that time served in a state prison. Thus, the total time served for the defendant's criminal conduct, in both state and federal imprisonment, will meet or exceed the statutory mandatory minimum and is thus proper. *See United States v. Ikner*, 175 F. App'x 83, 84 (7th Cir. 2006) (unpublished) ("We agree with the parties that the district court may adjust a defendant's federal sentence to account for time served on related charges so long as the defendant's total period of incarceration is equal to or greater than the statutory minimum."); *United States v. Rivers*, 329 F.3d 119, 122 (2d Cir. 2003) ("So long as the total period of incarceration, after the adjustment, is equal or greater than the statutory minimum, the statutory dictate has been observed and its purpose accomplished."). *See also United States v. Meeks*, No. 3:05cr390, 2007 WL 1746245, at *1-2 (W.D.N.C. June 15, 2007) (finding that the court had "the authority to sentence the defendant below the

---

[3] The defendant was sentenced in state court on March 9, 2001, to five years imprisonment for distribution of crack cocaine on April 25, 2000, within the charged period of the conspiracy in the federal indictment. (PSR ¶ 30.)

- 5 -

statutory mandatory minimum by running the sentence concurrently and/or granting credit for time spent in state custody prior to his federal arrest").

Accordingly, while the defendant's amended guideline range is 120 to 135 months, reflecting the mandatory minimum imposed by statute, I will reduce his sentence to 106 months, giving him the credit under USSG § 5G1.3(b)(1) that he is entitled to, which sentence still insures that his combined state and federal sentences meet the mandatory minimum.

DATED: March 19, 2008

 /S/ JAMES P. JONES
Chief United States District Judge

- 6 -

Case 3:01-cr-00063-NKM   Document 126   Filed 03/19/08   Page 6 of 6   Pageid#: 62